United States Court of Appeals,

Fifth Circuit.

No. 91–7282

Summary Calendar.

Tanya LEE, a Minor, By and Through Mrs. Vicki MacMILLAN, Her Natural Mother and Next Friend, and Vicki MacMillan, Individually, Plaintiffs–Appellants,

v.

BILOXI SCHOOL DISTRICT, et al., Defendants–Appellees.

June 26, 1992.

Appeal from the United States District Court for the Southern District of Mississippi.

Before POLITZ, Chief Judge, SMITH and WIENER, Circuit Judges.

POLITZ, Chief Judge:

Tanya Lee and her mother, Vicki MacMillan, appeal the mootness dismissal of a part of their handicapped education claims. Based on the stipulation detailed *infra* and for the reasons assigned, we affirm.

Background

Believing her daughter learning disabled, for several years MacMillan unsuccessfully sought special education for her in the Biloxi School District (BSD). She had her child privately tested in July 1988 and, armed with those test results, intensified her efforts to secure special education assistance during the 1988–89 school year. She met with no success; the BSD's petitions to the Mississippi State Department of Education (MSDE) for special education eligibility for Tanya were rejected. Tanya was withdrawn from the BSD and she went to live with her father in order to attend school in the Long Beach School District (LBSD). During her first year in that school system she was ruled eligible for special education classes.

The instant suit was filed against the BSD, its Director of Exceptional Student Services, and the Mississippi Superintendent of Public Education, alleging violation of the Education of the

Handicapped Act, as amended (EHA), 20 U.S.C. §§ 1400 *et seq.,* and the Rehabilitation Act, 29 U.S.C. § 794. The district court dismissed as moot the claims for declaratory and injunctive relief, and dismissed without prejudice the claims for damages and attorney's fees for failure to exhaust administrative remedies. A timely appeal of the mootness dismissal was noted.

Analysis

The district court found the claims for prospective relief moot because of Tanya's transfer from the BSD. This ruling cannot be reconciled with *Daniel R.R. v. State Bd. of Education,*[1] a case in which the parents enrolled their child in private school while seeking review of a contested placement decision. We there held that removing the child from the public school system did not moot the EHA claim because the entitlement under the EHA survived and the controversy remained capable of repetition. "A case may circumvent the mootness doctrine if the conduct of which the plaintiff originally complained is "capable of repetition, yet evading review.' "[2]

Similarly here, MacMillan removed her child from the BSD and simultaneously sought judicial relief from decisions she believed to be illegal and, more importantly, detrimental to her child's well being and educational best interests. The record reflects a reasonable expectation that Tanya would return to live with her mother and re-enroll in the BSD were she assured that the Biloxi District would provide the needed special education. As in *Daniel R.R.,* MacMillan's refusal to sacrifice critical years of her daughter's development pending time-consuming review proceedings does not render her case moot.[3] To hold otherwise effectively would insulate EHA claims from judicial review.

[1]874 F.2d 1036 (5th Cir.1989).

[2]*Id.,* 874 F.2d at 1040, quoting *Honig v. Doe,* 484 U.S. 305, 318, 108 S.Ct. 592, 601, 98 L.Ed.2d 686, 703 (1988).

[3]*Cf. School Committee of the Town of Burlington, Mass. v. Dept. of Education of the Commonwealth of Massachusetts,* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985).

The Biloxi School District defendants[4] urge an affirmance based on their express commitment to be bound by the Long Beach School District determination that Tanya needs special education, and to make available special education equal to that provided by Long Beach. The record reflects this commitment which is summarized in appellees' brief to this court as follows:

> With the MSDE authorized eligibility determination Tanya was placed in a program of special education for specific learning disabilities under an appropriate Individual Educational Plan (IEP).... [W]ith the advent of the MSDE approved eligibility of Tanya for special education she could return to BSD at any time and be immediately placed in the same program of special education under her existent IEP. BSD has stipulated it would recognize Tanya's subsequently determined eligibility for special education and her existent IEP placement.... Should ... Tanya ... re-enroll in the BSD, she will remain eligible for the same special education placement as is available and existent in the LBSD.

The Biloxi defendants also concede that Tanya's IEP "mandates placement in an appropriate program of special education for specific learning disabilities through the completion of her secondary education."

Considering this commitment by the BSD and its Director of Exceptional Student Services, and persuaded that the commitment will be faithfully honored, we conclude that the claims for declaratory and injunctive relief are effectively mooted and, accordingly, the judgment of the district court is AFFIRMED.[5]

---

[4]The state defendant neither joins nor rejects this basis for affirmance.

[5]We neither express nor imply any opinion about the merits of the claims dismissed for failure to exhaust administrative remedies.