**RODIRIECUS L., by BETTY H.,
his natural parent and next
friend, Plaintiffs,**

v.

**WAUKEGAN SCHOOL DISTRICT NO. 60,
and Alan Brown, in his official capacity
as Superintendent of District 60, Defendants.**

No. 95 C 1275.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 4, 1996.

---

Marcia Sasaki Pierce, Prairie State Legal Services, Inc., Waukegan, IL, David Wolowitz, Prairie State Legal Services, Inc., Wheaton, IL, for plaintiffs.

George E. Riseborough, Monica Justine Conrad, Brydges, Riseborough, Morris, Franke & Miller, Chicago, IL, Thomas A. Morris, Jr., Brydges, Riseborough, Morris, Franke & Miller, Waukegan, IL, for Waukegan Community School Dist. No. 60, Alan Brown.

Elizabeth M.S. Looby, Illinois Attorney General's Office, Chicago, IL, for Illinois State Board of Education.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The defendants, Waukegan Community School District No. 60 (the "School District") and its superintendent, Alan Brown, have moved to dismiss the complaint against them pursuant to Rule 12(b)(1). They allege that the plaintiff's claim is now moot, and they cannot provide him with any relief because he presently does not reside within the geographical bounds of the School District due to his current residence at the Harrisburg Juvenile Facility. The plaintiff, Rodiriecus L. ("Rodiriecus"), contends that he is likely to return to the School District in the next year, and therefore the case still presents a live controversy.

The defendants have relied primarily on two cases for their contention that Rodiriecus' claims are now moot. Both of these cases, however, are distinguishable from the case at bar. In *Board of Educ. of Downers Grove Grade Sch. No. 58 v. Steven L.,* the Seventh Circuit did find the case to be moot. 89 F.3d 464, 468 (7th Cir.1996). That decision, however, was based on the fact that the individual educational plan (IEP) at issue related to the plaintiff student's fifth grade education, but the student already had progressed to eighth grade and entered into a new IEP for his high school years. *Id.* Because the student would never again attend fifth grade, the Seventh Circuit concluded that "[j]udgement either way would not effect [student's] fifth grade IEP, a circumstance long gone. Thus, this case is moot." *Id.* at 467. Contrary to the defendants' contention, the *Downers Grove* court did not base its mootness holding on the fact that the plaintiff had moved to a new school.

Likewise, *Lee v. Biloxi Sch. Dist.,* 963 F.2d 837 (5th Cir.1992), does not support the defendants' arguments. Although the district court in that case held that the plaintiff's transfer to a new school mooted her case, the Fifth Circuit specifically refused to base its decision on that ground. With reference to the transfer of schools, the court said that the plaintiff's mother's "refusal to sacrifice critical years of her daughter's development pending time-consuming review proceedings *does not* render her case moot." *Id.* at 839 (emphasis added). Rather, the Fifth Circuit affirmed the district court's mootness holding because the defendant expressly promised to abide by any decision made by the new school district regarding the plaintiff's need for special education. *Id.* Therefore, neither case directly addresses Rodiriecus' present situation.

As is well known, Article III of the Constitution limits this Court's jurisdiction to only those cases presenting actual cases or controversies. U.S. Const. Art. III, § 2; *Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988). The case or controversy

must last throughout the duration of the suit; otherwise, the mootness doctrine will bar any further proceedings. *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974). An exception to the mootness doctrine exists for a controversy that disappears during the course of a lawsuit but is " 'capable of repetition, yet evading review.' " *Honig,* 484 U.S. at 318, 108 S.Ct. at 601 (citation omitted).

I find that the present controversy falls into this category of cases. Although Rodiriecus presently is residing outside the confines of the School District, his confinement in the juvenile facility only will last nine to twelve months. Defendant's Motion to Dismiss at 3. Hence, a reasonable expectation exists that he will return to the area served by the School District upon his release from the juvenile facility because his mother resides in Waukegan.[1] Because Rodiriecus is likely to return to the School District and continue to want access to special education programming pursuant to the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.,* I hold that his claims are not mooted by his residence outside of the School District. *See Honig,* 484 U.S. at 320–21, 108 S.Ct. at 602–03; *Board of Educ. of Northfield Township High Sch. District 225. v. Roy H.,* No. 93 C 3252, 1995 WL 12249, at *2, n. 3 (N.D.Ill. Jan.12, 1995).[2]

---

**1.** The defendants dispute the likelihood that Rodiriecus will return to the School District, but even they recognize that he "may" return within one year. See Defendant's Reply Memorandum at 10. Given that Rodiriecus' mother lives in the School District and that he will be released within one year, I find that this possibility is more than mere speculation.

**2.** Rodiriecus' response brief to this motion proposed that the Department of Corrections, which currently has custody over him, be added to these proceedings pursuant to Rule 19. A response to a motion to dismiss is not the proper vehicle to raise such an issue. Rodiriecus may file a separate motion for joinder which the Court will address at the proper time.